**DENIED and Opinion Filed December 4, 2024**



In The
Court of Appeals
Fifth District of Texas at Dallas

## No. 05-24-01290-CV

## IN RE USAA INSURANCE AGENCY INC. AND SYLVIA DIAZ, Relators

**Original Proceeding from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-24-01874-B**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Garcia
Opinion by Justice Pedersen, III

Before the Court is relators' November 4, 2024 petition for writ of mandamus whereby relators challenge the trial court's September 30, 2024 Order on Defendants' Motion to Sever and Abate. In this UIM case, the trial court denied relators' motion to sever and abate but ordered that "the trial shall be bifurcated as required under Texas law."

Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig.

proceeding). After reviewing relators' petition and the record before us, we conclude that relators have failed to demonstrate entitlement to mandamus relief.[1]

Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

Also before the Court is relators' December 2, 2024 emergency motion for temporary relief. We deny the motion as moot.

/Bill Pedersen, III//

241290f.p05

BILL PEDERSEN, III
JUSTICE

---

[1] A relator bears the burden of providing the Court with a record that is sufficient to show it is entitled to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To meet that burden, a relator is required to file with its petition, among other things, "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Here, relators provided the Court with a sworn copy of real party in interest's first amended petition but omitted from their record real party's original petition, which was the live pleading on file with the trial court when relators filed their motion to sever and abate and when the trial court signed the order at issue. Thus, relators' record is also incomplete. In order to expedite a decision, however, we reviewed relators' request for mandamus relief based on the record before the Court. *See* TEX. R. APP. P. 2 (permitting an appellate court to suspend a rule's operation in a particular case to expedite a decision or for other good cause).

–2–